UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MANUEL RAMOS RODRIGUEZ, ) | |
|                Plaintiff(s), ) | Case No. 2:15-cv-01212-GMN-NJK |
| vs. ) | **O R D E R** |
| LAS VEGAS METROPOLITAN POLICE ) DEPARTMENT, et al., ) | |
|                Defendant(s). ) | |

      On June 25, 2015, Plaintiff filed an application for leave to proceed *in forma pauperis*, along with a complaint. Docket No. 1. On June 26, 2015, the Court denied Plaintiff's application without prejudice for failure to include a financial certificate, certified copy of his inmate trust account statement, and a signed financial affidavit. Docket No. 2 at 1. On July 21, 2015, Plaintiff filed a renewed application for leave to proceed *in forma pauperis*. Docket No. 3. On July 29, 2015, the Court denied Plaintiff's renewed application without prejudice, again because it was incomplete. Docket No. 4 at 1-2. On August 19, 2015, Plaintiff filed a renewed application for leave to proceed *in forma pauperis*, which the Court granted on January 12, 2016. Docket Nos. 5, 6. The Court later amended its order granting Plaintiff's application for leave to proceed *in forma pauperis*. Docket No. 7. The Court will now screen Plaintiff's complaint.

**I.      DISCUSSION**

Upon granting a request to proceed *in forma pauperis*, a Court additionally screens the complaint pursuant to § 1915. Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

1  Given Plaintiff's status as a *pro se* litigant, the Court has construed his complaint liberally.
2  Plaintiff frames his claims as being brought pursuant to 42 U.S.C. § 1983. Docket No. 1-1 at 1. To
3  state a claim under § 1983, a plaintiff must allege that a right secured by the Constitution or statutory
4  law has been violated, and the deprivation was committed by a person acting under color of law. *See*
5  *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). With respect to Defendants Beck,
6  Escartin, Holloway, Laurenco, Rich, Porter, and Thomas (hereinafter "individual defendants"),
7  Plaintiff appears to allege that the conduct that gave rise to his claims against them took place while
8  they were on duty as police officers for the City of Las Vegas. Docket No. 1-1 at 3-5. Therefore,
9  the Court construes Plaintiff's complaint as alleging that the individual defendants acted under color
10  of law as police officers for the City of Las Vegas.

11  Plaintiff alleges that he was shot four times in the course of being arrested by the individual
12  defendants, even though Plaintiff was in the process of surrendering himself. *See, e.g.*, Docket No.
13  1-1 at 5. Plaintiff further alleges that at least one of the individual defendants called him a racial
14  slur, and thus that the decision to shoot him was racially motivated. *See, e.g.*, *id.* at 4. Allegations
15  that law enforcement officers used excessive force in arresting a plaintiff may establish a violation
16  of the Fourth Amendment, which may in turn form the basis of a § 1983 claim. *See, e.g.*, *Gravelet-*
17  *Blondin v. Shelton*, 728 F.3d 1086, 1090-91 (9th Cir. 2013). Additionally, a claim of discrimination
18  may establish a § 1983 equal protection violation. *See, e.g.*, *Barren v. Harrington*, 152 F.3d 1193,
19  1194 (9th Cir. 1998). Though the complaint lacks some details, such as the date of the alleged
20  incident, the Court finds the allegations in Plaintiff's complaint regarding excessive force and racial
21  discrimination sufficient for screening purposes.

22  The Court cannot determine whether Plaintiff intended to bring claims against the individual
23  defendants in addition to the Fourth and Fourteenth Amendment claims outlined above. *See, e.g.*,
24  Docket No. 1-1 at 4 (referring to an alleged due process violation). Having found that Plaintiff's
25  complaint is sufficient for screening purposes with respect to at least two claims against the
26  individual defendants, however, the Court declines to address any additional claims that may be
27
28  3

1  present in the complaint. *See, e.g.*, *Jenkins v. Lab. Corp. of Am.*, 2013 U.S. Dist. Lexis 118008, at
2  *6 n.1 (D. Nev. Aug. 20, 2013). Moreover, nothing herein should be construed as preventing the
3  individual defendants from filing a motion to dismiss once they have appeared on any grounds they
4  deem appropriate, including whether Plaintiff has sufficiently stated a claim. *See Teahan v. Wilhelm*,
5  481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007); *see also Bem v. Clark Coutny Sch. Dist.*, 2015 U.S.
6  Dist. Lexis 7757, at *6 n.1 (D. Nev. Jan. 21, 2015).

7  　　　　Plaintiff also names the Las Vegas Metropolitan Police Department as a defendant, ostensibly
8  because of its connection to the police officers named as defendants in this action. Docket No. 1-1
9  at 1. The Ninth Circuit has held that, pursuant to Federal Rule of Civil Procedure 17(b), state law
10 determines the issue of whether a department of a municipality may sue or be sued. *See, e.g.*, *Streit*
11 *v. Cnty. of Los Angeles*, 236 F.3d 552, 565 (9th Cir. 2001). The Las Vegas Metropolitan Police
12 Department is a department of the City of Las Vegas and, "[i]n the absence of statutory
13 authorization, a department of the municipal government may not, in the department name, sue or
14 be sued." *Wayment v. Holmes*, 912 P.2d 816, 819 (Nev. 1996) (citing 64 C.J.S. Municipal
15 Corporations § 2195 (1950)); *see Schneider v. Elko Cnty. Sheriff's Dep't*, 17 F. Supp. 2d 1162, 1665
16 (D. Nev. 1998); *see also Wallace v. City of North Las Vegas*, 2011 WL 2971241, at *1 (D. Nev.
17 2011) ("Plaintiffs have not identified any statutory authority that permits the Department to be sued,
18 and the court is unaware of any such authority"); *Cerros v. North Las Vegas Police Dep't*, 2008 WL
19 608641, at *9 (D. Nev. 2008) ("Nevada does not grant authorization of a police department to sue
20 or be sued"). Thus, Plaintiff fails to state a claim upon which relief can be granted as to Defendant
21 Las Vegas Metropolitan Police Department.

22 　　　　Plaintiff also appears to allege that University Medical Center ("UMC") treated him at some
23 point after he was shot. Docket No. 1-1 at 6. Plaintiff submits that UMC provided him with
24 inadequate medical care. *Id.* Plaintiff further asserts that the Clark County Detention Center
25 ("CCDC") subsequently neglected his medical needs, and continues to do so. *Id.* The actions of
26 physicians under contract with the state to provide medical care to prisoners may constitute state

4

action. *See, e.g.*, *West v. Adkins*, 487 U.S. 42, 54 (1988). Additionally, a prisoner's allegations of medical neglect may establish a violation of the Eighth Amendment, which may in turn form the basis of a § 1983 claim. *See, e.g.*, *Peralta v. Dillard*, 744 F.3d 1076, 1081-82 (9th Cir. 2014). However, Plaintiff fails to fully explain the circumstances of his treatment at UMC. Plaintiff also fails to name any of the individuals responsible for the alleged inadequate medical care and medical neglect as defendants in this action. *See* Docket No. 1-1 at 1. Thus, Plaintiff fails to state a claim upon which relief can be granted as to his claim for medical mistreatment.

## II.  CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Plaintiff is granted leave to file an amended complaint to cure the deficiencies noted above. If Plaintiff chooses to file an amended complaint he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit.

2. If Plaintiff chooses to file an amended complaint curing the deficiencies, as outlined in this order, Plaintiff shall file the amended complaint no later than **February 17, 2017**. If Plaintiff chooses not to file an amended complaint curing the stated deficiencies, this action shall proceed immediately on the Fourth and Fourteenth Amendment claims against the individual defendants only.

3.  The Clerk of Court shall send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-1). If Plaintiff chooses to file an amended complaint, he must use the approved form and he shall write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

IT IS SO ORDERED.

DATED: January 18, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge