# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MANUEL RAMOS RODRIGUEZ, )
                          Plaintiff(s), )     Case No. 2:15-cv-01212-GMN-NJK
)
vs. )     ORDER
)
LAS VEGAS METROPOLITAN POLICE )
DEPARTMENT, et al., )
)
                         Defendant(s). )
)

On June 25, 2015, Plaintiff filed an application to proceed *in forma pauperis*, along with a complaint. Docket No. 1. On June 26, 2015, the Court denied Plaintiff's application without prejudice for failure to include a financial certificate, certified copy of his inmate trust account statement, and a signed financial affidavit. Docket No. 2 at 1. On July 21, 2015, Plaintiff filed a renewed application to proceed *in forma pauperis*. On July 29, 2015, the Court again denied Plaintiff's renewed application without prejudice, again because it was incomplete. Docket No. 4 at 1-2. On August 19, 2015, Plaintiff filed a second renewed application to proceed *in forma pauperis*, which the Court granted on January 12, 2016. Docket Nos. 5, 6. The Court later amended its order granting Plaintiff's application to proceed *in forma pauperis*. Docket No. 7.

On January 18, 2017, the Court issued an order screening Plaintiff's complaint. Docket No. 9. The Court found that Plaintiff's Fourth and Fourteenth Amendment claims against Defendants

Beck, Escartin, Holloway, Laurenco, Rich, Porter, and Thomas were sufficient for screening purposes. However, the Court dismissed Plaintiff's complaint with leave to amend because, *inter alia*, Plaintiff failed to fully explain the circumstances of, and individuals relevant to, his claim for medical mistreatment. *Id.* at 4-5.[1] On February 16, 2017, Plaintiff filed an amended complaint, which the Court will now screen according to the standards previously identified in Docket No. 9.

**I.  ANALYSIS**

As a preliminary matter, the Court has already determined that Plaintiff's Fourth and Fourteenth Amendment claims against Defendants Beck, Escartin, Holloway, Laurenco, Rich, Porter, and Thomas are sufficient for screening purposes. Docket No. 9. The Court has already allowed these claims to move forward, *see* Docket No. 10, and therefore does not address the portions of Plaintiff's amended complaint related to these defendants.

In his amended complaint, Plaintiff adds LVMPD Sheriff Lombardo and Undersheriff McMahill as defendants. Docket No. 13 at 4-5. Plaintiff alleges that these defendants' "failure to properly train the officers under their supervision . . . was a major driving force" behind the incident at issue in this action. *Id.* at 9. It is unclear whether Plaintiff wishes to pursue a state law claim against these defendants. Similarly, it is unclear whether Plaintiff wishes to pursue claims against them under 42 U.S.C. § 1983, as Plaintiff fails to allege which of his constitutional rights their actions violated. *See id.* Therefore, the Court has insufficient information to determine whether Plaintiff states a claim upon which relief can be granted against Defendants Lombardo and McMahill.

Plaintiff's amended complaint also adds Sergeant Renolds and Doctors Browoler, Koyotan, Duran, and Zinser as defendants. Docket No. 13 at 5-6. Plaintiff appears to attempt to state a § 1983 claim for medical neglect under the Eighth Amendment against these defendants. *See id.* at 5-6, 11-

---

[1] The Court also found that Plaintiff failed to state a claim against the Las Vegas Metropolitan Police Department ("LVMPD"). *Id.* at 4. However, Plaintiff's amended complaint does not name LVMPD as a defendant, so the Court infers that Plaintiff does not wish to pursue any claims against it and finds this issue moot.

2

13. However, Plaintiff fails to demonstrate that these defendants acted under color of law, instead alleging that they acted "with bias" and "with neglect." *Id.* at 5-6; *see also Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). Thus, Plaintiff fails to state a claim upon which relief can be granted as to Defendants Renolds, Browoler, Koyotan, Duran, and Zinser.

## II. CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Plaintiff is granted leave to file a second amended complaint to cure the deficiencies noted above. If Plaintiff chooses to file a second amended complaint he is advised that a second amended complaint supersedes (replaces) the amended complaint and, thus, the second amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's second amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit.

2. If Plaintiff chooses to file a second amended complaint curing the deficiencies, as outlined in this order, Plaintiff shall file the second amended complaint no later than **May 30, 2017**. If Plaintiff chooses not to file a second amended complaint curing the stated deficiencies, this action shall continue to proceed on the Fourth and Fourteenth Amendment claims against Defendants Beck, Escartin, Holloway, Laurenco, Rich, Porter, and Thomas only.

3. The Clerk of Court shall send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his amended complaint (Docket

No. 13). If Plaintiff chooses to file a second amended complaint, he must use the approved form and he must write the words "Second Amended" above the words "Civil Rights Complaint" in the caption.

IT IS SO ORDERED.

DATED: April 27, 2017.

_____
NANCY J. KOPPE
United States Magistrate Judge

4