# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MANUEL RAMOS-RODRIGUEZ,
)
) Case No. 2:15-cv-01212-GMN-NJK
Plaintiff(s), )
)
vs. ) ORDER
)
LAS VEGAS METROPOLITAN POLICE )
DEPARTMENT, et al., )
)
Defendant(s). )
)

On June 25, 2015, Plaintiff filed an application to proceed *in forma pauperis*, along with a complaint. Docket No. 1. On June 26, 2015, the Court denied Plaintiff's application without prejudice for failure to include a financial certificate, certified copy of his inmate trust account statement, and a signed financial affidavit. Docket No. 2 at 1. On July 21, 2015, Plaintiff filed a renewed application to proceed *in forma pauperis*. On July 29, 2015, the Court denied Plaintiff's renewed application without prejudice, again because it was incomplete. Docket No. 4 at 1-2. On August 19, 2015, Plaintiff filed a second renewed application to proceed *in forma pauperis*, which the Court granted on January 12, 2016. Docket Nos. 5, 6. The Court later amended its order granting Plaintiff's application to proceed *in forma pauperis*. Docket No. 7.

On January 18, 2017, the Court issued an order screening Plaintiff's complaint. Docket No. 9. The Court found that Plaintiff's Fourth and Fourteenth Amendment claims against Defendants Beck, Escartin, Holloway, Laurenco, Rich, Porter, and Thomas were sufficient for screening purposes. However, the Court dismissed Plaintiff's complaint with leave to amend because, *inter alia*, Plaintiff failed to fully explain the circumstances of, and individuals relevant to, his claim for

medical mistreatment. *Id.* at 4-5.[1]

On February 16, 2017, Plaintiff filed an amended complaint, which added Sheriff Lombardo, Undersheriff McMahill, Sergeant Renolds, and Doctors Browder, Kotoyan, Duran, and Zinser as defendants. Docket No. 13. The Court found that Plaintiff failed to state a claim upon which relief may be granted as to Defendants Lombardo and McMahill because it was unclear which constitutional provision or state statute he was alleging they violated. Docket No. 17 at 2. The Court also found that Plaintiff failed to state a claim upon which relief may be granted as to Defendants Renolds, Browder, Kotoyan, Duran, and Zinser because, though he alleged that they violated his Eighth Amendment rights, he failed to demonstrate that they acted under color of law. *Id.* at 2-3. The Court therefore dismissed Plaintiff's amended complaint with leave to amend. *Id.* at 3.

On May 23, 2017, Plaintiff filed a second amended complaint, which adds as a defendant an individual that Plaintiff identifies as the Chief Medical Administrator ("CMA") or John Doe. Docket No. 19. The Court now screens Plaintiff's second amended complaint according to the standards previously identified in Docket No. 9.

**I.    ANALYSIS**

As a preliminary matter and as previously stated in the order at Docket No. 17, the Court has already determined that Plaintiff's Fourth and Fourteenth Amendment claims against Defendants Beck, Escartin, Holloway, Laurenco, Rich, Porter, and Thomas are sufficient for screening purposes. Docket No. 9. As the Court has already allowed these claims to move forward, *see* Docket No. 10, it does not address the portions of Plaintiff's second amended complaint related to these defendants.

Additionally, the Court notes that, for purposes of the analysis below, Plaintiff's conclusory assertions that all defendants have acted under color of law, *see, e.g.*, Docket No. 19 at 24, fail to

---

[1] The Court also found that Plaintiff failed to state a claim against the Las Vegas Metropolitan Police Department ("LVMPD"). *Id.* at 4. However, Plaintiff's amended complaint does not name LVMPD as a defendant, so the Court found that Plaintiff does not wish to pursue any claims against it and found this issue moot. Docket No. 17 at 2 n.1.

meet Rule 8's[2] basic requirements. As discussed further below, therefore, the Court finds that Plaintiff has failed to sufficiently plead the state action requirement for certain claims. Similarly, Plaintiff's conclusory references to various state law torts, *see, e.g.*, *id.* at 19, 30, also fail to meet Rule 8's basic requirements. As a result, the Court finds that Plaintiff fails to state any state law claims upon which relief may be granted, and proceeds to screen Plaintiff's federal law claims.

    a.    <u>Defendants Lombardo and Underhill</u>

Plaintiff's second amended complaint attempts to allege Fourth, Fourteenth, and Eighth Amendment claims against Defendants Lombardo and Underhill under 42 U.S.C. § 1983. Docket No. 19 at 17-18. To state a claim under § 1983, a plaintiff must allege that a right secured by the Constitution or statutory law has been violated, and the deprivation was committed by a person acting under color of law. *See Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). The Court interprets Plaintiff's second amended complaint as alleging that Defendants Lombardo and Underhill acted under color of law as the supervisors of Defendants Beck, Escartin, Holloway, Laurenco, Rich, Porter, Thomas, and Renolds. *See* Docket No. 19 at 17.

Plaintiff alleges that Defendants Lombardo and Underhill failed to properly train and supervise defendant officers who, he submits, violated his constitutional rights in the context of arresting him and overseeing subsequent medical treatment. *See id.* Generally, "[s]upervisors aren't vicariously liable for constitutional violations under section 1983." *Peralta v. Dillard*, 744 F.3d 1076, 1085 (9th Cir. 2014) (internal citation omitted). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (internal quotation marks omitted) (quoting *Snow v. McDaniel*, 681 F.3d 978, 989 (9th Cir. 1989)). "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a

---

[2] Unless otherwise stated, all references to "Rules" denote the Federal Rules of Civil Procedure.

3

policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." *Crowley*, 734 F.3d at 977 (internal quotation marks omitted) (quoting *Hansen v. Black*, 885 F.2d 642, 645-46 (9th Cir. 1989)).

The Court finds that Plaintiff fails to state a claim upon which relief may be granted against Defendants Lombardo and Underhill under § 1983. Plaintiff's generalized allegations of insufficient training and policymaking fail to demonstrate that these defendants were personally involved in any violations of his constitutional rights. *See, e.g.*, Docket No. 19 at 12, 17-18, 20. Similarly, Plaintiff's allegations fail to meet the standards set forth above regarding a causal connection between these defendants' alleged actions and the alleged constitutional violations. *See id.*

b. Defendant Renolds

The Court construes Plaintiff's second amended complaint as attempting to state an Eighth Amendment claim against Defendant Renolds under 42 U.S.C. § 1983. *See* Docket No. 19 at 15. The Court further interprets Plaintiff's second amended complaint as alleging that Defendant Renolds acted under color of law as a correctional officer at the Clark County Detention Center ("CCDC"). *See id.* at 10.

"The government has an 'obligation to provide medical care for those whom it is punishing by incarceration,' and failure to meet that obligation can constitute an Eighth Amendment violation cognizable under § 1983." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). "Under 42 U.S.C. § 1983, to maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle*, 429 U.S. at 104). In the Ninth Circuit, to demonstrate deliberate indifference, the plaintiff "must show a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.''" *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997)).

Additionally, "the plaintiff must show the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (citing *McGuckin*, 974 F.2d at 1060). Deliberate indifference may be shown by demonstrating "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096 (citing *McGuckin*, 974 F.2d at 1059). "Indifference may appear when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Jett*, 439 F.3d at 1096 (citing *McGuckin*, 974 F.2d at 1059).

Plaintiff alleges that on March 3, 2014, he was admitted as a patient at University Medical Center ("UMC") as a result of gunshot wounds he sustained while being arrested. *Id.* at 14. Plaintiff further alleges that doctors at UMC fitted him with a colostomy bag as a result of severe abdominal and intestinal damage. *Id.* Plaintiff alleges that he told the doctors that the colostomy bag was causing him severe pain. *Id.* at 15. Plaintiff further alleges that a doctor said that a colostomy reversal would improve the pain, that the doctor told Plaintiff he would do this procedure, and that Defendant Renolds refused to allow the doctor to proceed with the procedure. *Id.* Plaintiff alleges that he continued to suffer severe pain after this incident. *Id.* Construing Plaintiff's claim liberally, *see, e.g.*, *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (internal citation omitted), the Court finds that Plaintiff states a claim upon which relief may be granted as to Defendant Renolds.

        c.     Defendants Duran, Zinser, and John Doe (CMA)

The Court construes Plaintiff's second amended complaint as attempting to state an Eighth Amendment claim against Defendants Duran, Zinser, and Doe under 42 U.S.C. § 1983. *See* Docket No. 19 at 19. The Court further interprets Plaintiff's second amended complaint as alleging that Defendants Duran and Zinser acted under color of law as physicians treating him in the course of their employment at CCDC. *See id.* at 24. Similarly, the Court interprets Plaintiff's second amended complaint as alleging that Defendant Doe acted under color of law as the CMA working with Defendants Duran and Zinser. *See id.* at 32.

Plaintiff alleges that his colostomy bag has caused severe pain in his stomach, back, and rectal area. *Id.* at 32-33. Plaintiff further alleges that for the past three years, he has repeatedly told Defendants Duran and Zinser that he is in severe pain, but has not received sufficient pain treatment or psychological treatment relating to the emotional aftermath of the shooting at issue in this case. *Id.* Similarly, Plaintiff alleges that Defendant Doe has denied him a colostomy reversal and therefore the pain relief Plaintiff may obtain through such reversal. *Id.* at 33. Plaintiff alleges that he has attempted to resolve these issues through the grievance process, to no avail. *Id.* at 33. Once again construing Plaintiff's claim liberally, *see, e.g.*, *Akhtar*, 698 F.3d at 1212 (internal citation omitted), the Court finds that Plaintiff states claims upon which relief may be granted as to Defendants Duran, Zinser, and Doe.

### d. Defendants Browder and Kotoyan

Plaintiff's second amended complaint appears to attempt to state both an Eighth and a Fourteenth Amendment claim against Defendants Browder and Kotoyan under 42 U.S.C. § 1983. Docket No. 19 at 28, 30. However, the Court finds that Plaintiff fails to state claims upon which relief may be granted as to these defendants because he fails to properly allege that their actions constituted state action. *See, e.g.*, *id.* at 5, 14-15, 26-27, 30.

The Court will allow Plaintiff no further opportunities to amend his complaint. The claims that the Court has found sufficient, as noted above and in previous orders, shall immediately move forward.

## II. CONCLUSION

Based on the foregoing and good cause appearing, therefore, **IT IS ORDERED** that:

1. This action shall proceed on Plaintiff's Fourth and Fourteenth Amendment claims against Defendants Beck, Escartin, Holloway, Laurenco, Rich, Porter, and Thomas and Plaintiff's Eighth Amendment claims against Defendants Renolds, Duran, Zinser, and Doe.

2. The Clerk of Court **SHALL ISSUE** summonses for Defendants Beck, Escartin,

Holloway, Laurenco, Rich, Porter, Thomas, Renolds, Duran, and Zinser, **AND DELIVER THE SAME**, to the U.S. Marshal for service. The Clerk **SHALL SEND** to Plaintiff **ten (10)** USM-285 forms. The Clerk also **SHALL SEND** a copy of the second amended complaint (Docket No. 19) and a copy of this order to the U.S. Marshal for service on Defendants Beck, Escartin, Holloway, Laurenco, Rich, Porter, Thomas, Renolds, Duran, and Zinser. Plaintiff shall have **thirty (30) days** within which to furnish the U.S. Marshal the required USM-285 forms with relevant information as to each Defendant on each form. Within **twenty (20) days** after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying which Defendant(s) were served and which were not served, if any. If Plaintiff wishes to have service again attempted on an unserved Defendant(s), then a motion must be filed with the Court identifying the unserved Defendant(s) and specifying a more detailed name and/or address for said Defendant(s), or whether some other manner of service should be attempted.

3. Henceforth, Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Defendants or counsel for the Defendants. The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the clerk, and any paper received by a district judge, magistrate judge or the clerk which fails to include a certificate of service.

IT IS SO ORDERED.

DATED: June 15, 2017.

_____
NANCY J. KOPPE
United States Magistrate Judge